IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN GAGLIARDI,

        Plaintiff,

v.

WILLIAM STANDISH, JOY
FLOWERS CONTI

        Defendants.

10cv1546
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**

On November 22, 2010, *pro se* Plaintiff filed a Complaint against two Judges of the Western District of Pennsylvania essentially attempting to appeal prior decisions/rulings in various underlying lawsuits (referenced in the Complaint) over which these judges presided. Doc. no. 1.

This Court dismissed the lawsuit pursuant to an Order dated December 16, 2010. Doc. no. 6. In that Order, this Court noted that it lacked subject matter jurisdiction over any legal issue previously adjudicated in the underlying lawsuits that should be brought before the United States Court of Appeals for the Third Circuit. This Court also noted that it lacked subject matter jurisdiction over any complaint of judicial misconduct Plaintiff made. Finally, the Court noted that to the extent Plaintiff's Complaint attempted to assert a cause of action against the judges for allegedly violating his civil rights, because the averments in the Complaint indicated that the acts of the Defendant Judges were committed within their judicial capacities, they were immune from suit.

On December 27, 2010 Plaintiff filed a Motion for Reconsideration requesting that this Court revisit and revise its December 16, 2010 Order dismissing this case. In his Motion for

Reconsideration, Plaintiff specifically stated that "the primary purpose for the instant action was to obtain a prospective, permanent recusal by the Defendant Judges for cases filed by your Plaintiff . . . ." Doc. no. 7, ¶ 35.

**I. Standard of Review**

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See, Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. Pahler v. City of Wilkes Barre, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. Rossi v. Schlarbaum, 600 F. Supp. 2d 650, 670 (E.D. Pa. 2009).

**II. Discussion**

Although Motions for Reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose. U.S. v. Fiorelli, 337 F.3d 282, 288

(3d Cir. 2003). Although Plaintiff failed to indicate whether his Motion for Reconsideration was pursuant to Rule 59 or Rule 60, this Court will view such a motion "as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment." Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir.1986) (internal citation omitted).

"A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995) (internal quotation marks, brackets and citation omitted).

This Court begins by noting that the majority of Plaintiff's Motion for Reconsideration reasserts the averments found in his Complaint concerning the alleged "mistakes" or "errors" made by United States District Judges Conti and Standish in the underlying lawsuits. This Court may not grant a Motion for Reconsideration when the motion merely regurgitates prior argument – or in this case, prior averments.

The only new information is that Plaintiff has stated the basis for his lawsuit – "the primary purpose for the instant memoaction was to obtain a prospective, permanent recusal by the Defendant Judges for cases filed by your Plaintiff . . ." (see doc. no. 7, ¶ 35) – and makes several references to this Court's handling of other matters, some of which either tangentially or directly involved Plaintiff. None of these new statements has any effect upon the basis upon which this Court issued its prior Order. This Court continues to lack subject matter jurisdiction over (1) any legal issue previously adjudicated in the underlying lawsuits that should have be brought before the United States Court of Appeals for the Third Circuit; and (2) any complaint of judicial misconduct.

Moreover, Plaintiff's Motion for Reconsideration has now clarified that the purpose of his lawsuit was not to sue the Defendant Judges for violating his civil rights,[1] but to attempt to obtain "prospective, permanent recusal by the Defendant Judges" for any future cases he may filed in the United States District Court for the Western District of Pennsylvania. Again, even with this clarification, this Court continues to lack subject matter jurisdiction over such a case.

Next, the law has not undergone an intervening change and no new evidence has surfaced with respect to the matter now before this Court. Accordingly, the only way reconsideration could be granted in this case would be if it were necessary to correct a clear error of law or prevent manifest injustice.

Having revisited my prior Order, Plaintiff's original Complaint (doc. no. 1), and his submission seeking reconsideration of this Court's December 16, 2010 Order dismissing this case, and finding no clear error of law and no presence of manifest injustice, this Court must deny the Motion to Reconsider. Nothing presented by Plaintiff in his Motion for Reconsideration convinces this Court how its prior Order constitutes clear error of law and/or creates a manifest injustice.

---

1 The Court noted that to the extent attempted to assert a cause of action against the judges for allegedly because the averments in the Complaint indicated that the acts of the Defendant Judges were committed within their judicial capacities, they were immune from suit.

### III. Conclusion

Because Plaintiff has failed to provide a legal basis for reconsideration of the Court's December 16, 2010 Order which dismissed this case, Plaintiff's Motion for Reconsideration will be denied. An appropriate Order follows.

                                              s/  Arthur J. Schwab
                                              United States District Judge

December 30, 2010

cc:    John Gagliardi
        191 Wall Road
        Jefferson Hills, PA 15025
        (412) 812-4590
        PRO SE PLAINTIFF

        The Hon. William Standish
        DEFENDANT

        The Hon. Joy Flowers Conti
        DEFENDANT