IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN GAGLIARDI,

        Plaintiff,

v.

WILLIAM STANDISH, JOY FLOWERS CONTI

        Defendants.

10cv1546
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**
**DENYING MOTION FOR RECUSAL (DOC. NO. 10) AND**
**DENYING MOTION FOR RECONSIDERATION (DOC. NO. 11)**

*Pro se* Plaintiff filed this lawsuit against two Judges from the Western District of Pennsylvania. Doc. no. 1. This Court dismissed the lawsuit on December 16, 2010. Doc. no. 6. Plaitniff then filed a Motion for Reconsideration of the Dismissal Order. Doc. No. 7. On December 30, 2010, this Court denied Plaintiff's Motion to Reconsider its dismissal of the lawsuit. Doc. no. 9. Now before this Court is Plaintiff's Motion for Reconsideration of the Order denying his first Motion for Reconsideration. Doc. no. 11. Also before this Court is Plaintiff's Motion for Recusal. Doc. no. 10. Both motions shall be denied.

**I. Motion for Recusal**

The legal standard for deciding whether to grant the motion to recuse lies within the trial judge's discretion, see United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir. 1985). The test for recusal under 28 U.S.C. § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned. See In re: Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004).

Here, the only basis Plaintiff has provided conjecture that this Court displays "obvious bias" in favor of Defendants as evidenced by its prior rulings which were adverse to Plaintiff. See doc. no. 10, ¶¶ 8-14. This is insufficient to meet the standard for recusal under § 455. See also, Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Plaintiff's Motion for Recusal (doc. no. 10) will therefore be denied.

## II. Motion for Reconsideration

As noted in this Court's prior Opinion (doc. no. 8), filed with respect to Plaintiff's initial Motion for Reconsideration (doc. no. 7), the purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See, Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

The Court has reviewed its December 30, 2010 Memorandum Opinion and Order as well as its original dismissal Order filed on December 16, 2010. See doc. nos. 6, 8 and 9. For the reasons previously stated in those documents, this Court concludes that Plaintiff has again failed to demonstrate any of the grounds necessary to warrant reconsideration of the December 30, 2010 Order denying his Motion for Reconsideration. Thus, Plaintiff's current Motion for Reconsideration (doc. no. 11) will be denied.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Recusal (doc. no. 10) and his Motion for Reconsideration (doc. no. 11) will be denied. An appropriate Order follows.

s/ Arthur J. Schwab
United States District Judge

January 27, 2011

cc: John Gagliardi
      191 Wall Road
      Jefferson Hills, PA 15025
      (412) 812-4590
      PRO SE PLAINTIFF

      The Hon. William Standish
      DEFENDANT

      The Hon. Joy Flowers Conti
      DEFENDANT